KLEIN, Judge.
We hold that a real estate broker who finds a buyer for a business does not become a “dealer” within the meaning of Chapter 517, as a result of the buyer and seller structuring the transaction as a sale of the corporate stock. We therefore affirm the denial of relief under Chapter 517.
Appellee (seller) incorporated his business in 1972 and was the sole shareholder when he sold it to appellant (buyer) in 1989. The seller had listed the business for sale with a realtor, and when the realtor found a buyer, the parties signed a deposit receipt contract, which gave the buyer a period of time to ascertain information about the business before committing to buy it. That contract provided for a sale of the assets. The buyer completed his investigation or due diligence, and the parties then executed a stock purchase agreement providing that the buyer would purchase all of the shares of stock for $250,000.00, part of which was financed. On closing the realtor received a 10% commission.
When the buyer subsequently defaulted on the promissory notes, the seller filed suit and the buyer filed a counterclaim alleging violations of Chapter 517 and seeking rescission of the stock purchase. The buyer was not claiming any fraud or misrepresentation as a basis for his entitlement to rescission under Chapter 517. He relied solely on the premise that the real estate broker was a dealer *1206 as defined under section 517.021(9), Florida Statutes (1989), who was not registered to sell securities as is required under section 517.12, Florida Statutes (1989), thus entitling him to rescission under section 517.211(1), Florida Statutes (1989).
Although the buyer believes the primary issue on this appeal is the applicability of Landreth Timber Co. v. Landreth, 471 U.S. 681, 105 S.Ct. 2297, 85 L.Ed.2d 692 (1985), in which the Supreme Court held that federal securities laws applied to the sale of 100% of the stock of a business, the buyer has put the cart before the horse. We need not reach the issue of the applicability of Landreth to this transaction because the broker was not a dealer under Chapter 517.
This real estate broker merely found a buyer for seller’s business. He had no say or interest in how the transaction was to be structured. As the court put it in Fisch v. Radoff, 353 So.2d 160, 162 (Fla. 3d DCA 1977):
Initially we note that Chapter 517, Florida Statutes, is irrelevant in this case. Fisch [the real estate broker] was not “in the business” of buying and selling securities, and thus was not a “dealer” as contemplated by Section 517.02(4). More importantly, the record reveals that both parties understood at the time of contracting that, although the means of accomplishing the sale of real property would be by transfer of corporate stock the substantive intent of their dealings was to effect the sale of real property. To argue the applicability of the Blue Sky Laws is to insert a non sequitur into the proceedings and we reject this contention.
Real estate brokers bring parties together. When they do that, they are compensated for procuring a buyer or a sale, depending on the terms of their employment. The ultimate details of the transaction, however, , are left to the principals. This real estate broker’s participation ceased when the parties began direct negotiations, and he did not become a securities dealer within the meaning of Chapter 517, simply because the parties decided to make this a sale of corporate stock rather than a sale of assets. We therefore affirm the trial court’s conclusion that Chapter 517 was inapplicable.
Affirmed.
DELL, C.J., and DOWNEY, JAMES C., Senior Judge, concur.